United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VINCENT ALVARADO, | Case No.  5:26-cv-02758-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| COSTCO WHOLESALE CORPORATION, | [Re:  ECF No. 22] |
| Defendant. | |

Defendant Costco Wholesale Corporation ("Costco") moves to dismiss Plaintiff Vincent Alvarado's first amended complaint, see ECF No. 21 ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 22 ("Mot."); ECF No. 27 ("Reply").  Mr. Alvarado opposes the motion.  ECF No. 26 ("Opp.").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for August 20, 2026.  *See* Civ. L.R. 7-1(b).

The motion is GRANTED.

**I.    BACKGROUND**

This action arises from Costco's termination of Mr. Alvarado's employment, with the FAC alleging as follows.  Mr. Alvarado began working for Costco from April 20, 1995, until his termination on July 6, 2024, as a Meat Cutter.  FAC ¶ 6.  During his employment, Mr. Alvarado "generally performed his job competently"; during his employment, he has also suffered from chronic migraines, "a physiological neurological condition . . . . [causing] debilitating symptoms that make major live activities difficult."  *Id.* ¶¶ 7–8.

From 2011 through 2024, Mr. Alvarado regularly requested and used "protected medical leave supported by medical documentation because of his migraines."  Compl. ¶ 9.  On multiple occasions, Costco managers and supervisors expressed displeasure with his disability-related

absences, despite his providing them with medical documentation. *Id.* ¶¶ 11–12. Around 2018, a manager at the Fremon location where Mr. Alvarado worked "told Plaintiff that upper management had instructed [the manager] to keep an eye on Plaintiff and find reasons to fire him," to which Mr. Alvarado responded that "he continued to need protected time off and accommodation because of his migraines and that it would be unlawful to write him up or retaliate against him for disability-related absences." *Id.* ¶ 13.

In late 2022, Mr. Alvarado began working at Costco's Newark location. Compl. ¶ 14. In June 2024, "Plaintiff and a coworker, 'Brian,' had a playful workplace interaction." *Id.* ¶ 15. On information and belief, Mr. Alvarado alleges that "management used that interaction as a pretext to pressure or influence Brian to accuse Plaintiff of sexual harassment and to create a pretextual basis for discipline and termination." *Id.* Mr. Alvarado was suspended on June 18, 2024, and on that date, Manager "Angel" told Mr. Alvarado's coworker "words to the effect of, 'We finally got him for missing so much work.'" *Id.* ¶¶ 16–17. After Mr. Alvarado inquired the status of his employment, Assistant Manager "Chuck" told him that he could be terminated and "further acknowledged, in substance, that he had seen worse workplace joking . . . but that upper management was pushing the issue." *Id.* ¶ 18. Costco terminated Mr. Alvarado on July 6, 2024.

The FAC alleges (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900–12906, ; (2) failure to accommodate in violation of FEHA; (3) failure to engage in good faith interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) retaliation in violation of the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2; and (6) retaliation in violation of Labor Code § 1102.5. Compl. ¶¶ 25–58.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A defendant may move to dismiss an action pursuant to Rule 12(b)(6) for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

*United States District Court*
*Northern District of California*

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678).

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Although Federal Rule of Civil Procedure 15(a) gives the trial court discretion over this matter, the Ninth Circuit has explained that leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (first alteration in original) (first quoting Fed. R. Civ. P. 15(a), then quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987)). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*. The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. 316 F.3d at 1052.

## III.    DISCUSSION

### A. Disability Discrimination

FEHA makes it unlawful "[f]or an employer, because of the . . . physical disability[] . . . of any person, . . . to bar or to discharge the person from employment . . . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov. Code § 12940(a). "A prima facie disability discrimination case requires that [the plaintiff] show that he

3

(1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations; and (3) was subjected to an adverse employment action because of the disability or perceived disability.  FEHA defines 'physical disability' as a condition that both affects one or more bodily system and limits a major life activity, including working." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 797 (N.D. Cal. 2015) (citations omitted).

The FAC fails to plead sufficient factual matter to state a FEHA discrimination claim that is plausible on its face, instead only providing a rote recitation of the required elements of the claim.  Mr. Alvarado fails to establish that he has a physical disability within the meaning of the FEHA because he pleads only that his "chronic migraines constituted a neurological condition that made major life activities difficult, including working."  Compl. ¶ 26.  Because the FAC fails to detail how those migraines "restricted [his] ability to perform [his] job," the allegations "do not support a plausible inference [his] . . . health-related issues limited a major life activity."  *Schouker v. Swarm Indus., Inc.*, No. 24-cv-07373-JSC, 2025 WL 1022141, at *5 (N.D. Cal. Apr. 3, 2025) (quoting *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 694 (2009)).

Mr. Alvarado's FEHA claim is subject to dismissal on this basis alone.  For the sake of completeness, the Court also notes that Costco is correct that Mr. Alvarado fails to allege that he suffered an adverse employment action "because of" an alleged disability.  *See* Mot. at 5.  "The phrase 'because of' means there must be a causal link between the employer's consideration of a protected characteristic and the action taken by the employer."  *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 215 (2013).  All that the FAC alleges is that "Plaintiff's disability, record of disability, and/or Costco's perception of Plaintiff as disabled were substantial motivating reasons for Costco's adverse actions against Plaintiff."  Compl. ¶ 30.  That is not enough.

"[B]ecause Plaintiff fails to sufficiently allege that he suffers from a disability and that he was terminated because of his [chronic migraines], the Court dismisses the disability discrimination claim."  *Burtt v. Sunnova Energy Corp.*, No. 22-cv-02754-RGK-PD, 2022 WL 3574297, at *2 (C.D. Cal. June 22, 2022).  At this early stage in the proceedings the Court cannot say that amendment would be futile, so dismissal will be with leave to amend.

4

**B. Failure to Accommodate**

FEHA makes it unlawful "[f]or an employer . . . to[] . . . retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." Cal. Civ. Code § 12940(m)(1). To state a prima facie failure to accommodate claim, a plaintiff must establish that (1) the plaintiff has a disability covered by FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability. *Scotch v. Art Inst. of Cal.— Orange Cnty., Inc.*, 173 Cal. App. 4th 986, 1010 (2009).

As a preliminary matter, Mr. Alvarado's failure to adequately plead disability is fatal to the remainder of his claims. *See Still v Off. Depot, Inc.*, No. 09-cv-098183-GAF-MANX, 2010 WL 11549639, at *7 (C.D. Cal. Nov. 3, 2010) ("The duty to provide reasonable accommodations and engage in the interactive process extends only to employees with a disability."). The FAC provides no explanation of the reasonable accommodation that was requested or the actions by Costco or Mr. Alvarado's supervisors that resulted in the denial thereof. While Mr. Alvarado conclusory alleges that Costco "among other things, resist[ed], undermin[ed], or refus[ed] to honor Plaintiff's protected intermittent leave and schedule-related accommodations," Compl. ¶ 35, this claim is directly contradicted by his allegation that he received that accommodation for over a decade, *see id.* ¶ 9.

"Because Plaintiff was already receiving reasonable accommodations long before he was terminated, his claim for failure to accommodate is implausible and must be dismissed." *Burtt*, 2022 WL 3574297, at *3. At this early stage in the proceedings the Court cannot say that amendment would be futile, so dismissal will be with leave to amend.

**C. Failure to Engage in Good Faith Interactive Process**

FEHA makes it unlawful "[f]or an employer . . . to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov. Code § 12940(n). To state a claim for failure to engage in the interactive process, the employee

5

must identify a reasonable accommodation that was available and that the employer failed to provide. *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 984 (2008).

The FAC fails to state a claim for failure to engage in good faith interactive process for the same reasons it fails to state a claim for failure to accommodate, to wit, Mr. Alvarado fails to plausibly allege that he was disabled, requested a reasonable accommodation, and was denied that accommodation. *See Moore v. Regents of Univ. of Cal.*, 248 Cal. App. 4th 216, 242 (2016) ("While a claim of failure to accommodate is independent of a cause of action for failure to engage in an interactive dialogue, each necessarily implicates the other."); *Old Dominion Freight Line, Inc.*, No. 22-cv-08930-MCS-KS, 2023 WL 1931328, at *5 (C.D. Cal. Feb. 10, 2023) (dismissing FEHA failure to accommodate and failure to engage in good faith interactive process claims on the same grounds).

Mr. Alvarado's failure to engage in good faith interactive process claim is accordingly dismissed. At this early stage in the proceedings the Court cannot say that amendment would be futile, so dismissal will be with leave to amend.

### D. Retaliation

The elements of Mr. Alvarado's three retaliation claims are substantially overlapping and require three core elements: (1) protected activity, (2) adverse action, (3) causal nexus. "Under FEHA, a prima facie case of retaliation requires the following showing: [1] a protected activity; [2] an adverse employment action; and [3] a causal link between the protected activity and the employer's action." *Cenis v. WinCo Holdings, Inc.*, No. 17-cv-00863-DAD-JLT, 2018 WL 2412324, at *7 (E.D. Cal. May 29, 2018), *aff'd,* 787 F. App'x 947 (9th Cir. 2019). Under CFRA, a retaliation claim requires the establishing that (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised his right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of her exercise of his right to CFRA leave. *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001). Under Labor Code section 1102.5, a retaliation claim requires establishing that (1) the plaintiff engaged in protected activity of reporting a violation of law, (2) the plaintiff was thereafter subjected to adverse

employment action, and (3) there was a causal link between the two. *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000).

As was the case with the three prior claims, the FAC simply does not contain sufficient factual allegations to plausibly establish a retaliation claim, instead merely parroting the legal elements of each claim and conclusorily alleging that Costco retaliated against Mr. Alvarado for some nebulous invocation of seeking medical leave. *See, e.g.*, Compl. ¶¶ 44 ("Costco subjected Plaintiff to adverse employment actions, including discipline, suspension, and termination, because Plaintiff engaged in protected activity."), 50 ("Costco interfered with, restrained, and/or retaliated against Plaintiff for exercising or attempting to exercise CFRA rights by pressuring Plaintiff not to use protected leave[] . . . ."), 54–56 ("Plaintiff reported what he reasonably believed was unlawful noncompliance with state statutes[] . . . .  After Plaintiff made those disclosures, Costco subjected Plaintiff to adverse employment actions[] . . . ."). The claims are insufficiently pleaded because the FAC fails to identify who made the decision to terminate his employment, whether that person knew of Mr. Alvarado's unspecified requests for accommodation, and why that person purportedly had any retaliatory animus towards him, such that there could even plausibly be a causal connection establishing retaliation. *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 70 (2000).

Because of the lack of factual allegations, the FAC necessarily fails to state a causal link between the protected activity and adverse employment action; the fact that these two events occurred in sequence is insufficient as a matter of law. "It is well established that a plaintiff in a retaliation suit must show, as part of his or her prima facie case, some causal connection between an adverse employment action and the original complaint of discrimination. Mere sequence is not enough—that would be the classic logical fallacy of 'post hoc ergo propter hoc' (after the fact, therefore because of the fact)." Aparicio v. Comcast, Inc., 274 F. Supp. 3d 1014, 1031 (N.D. Cal. 2017).

Mr. Alvarado's retaliation claims are accordingly dismissed. At this early stage in the proceedings the Court cannot say that amendment would be futile, so dismissal will be with leave to amend.

7

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is GRANTED.

(2) Each claim of the FAC is DISMISSED WITH LEAVE TO AMEND.

(3) Mr. Alvarado SHALL file a second amended complaint within thirty days of the date of this order.  Amendment is limited to curing the defects identified in this order.  No new claims or parties may be added without first obtaining leave of the Court.

(4) This order terminates ECF No. 22.

Dated:  July 2, 2026

_____

BETH LABSON FREEMAN
United States District Judge

8