United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

VINCENT ALVARADO,
Plaintiff,
v.
COSTCO WHOLESALE CORPORATION,
Defendant.

Case No: 26-cv-02758-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**

[Re: ECF No. 33]

Before the Court is Costco's motion to dismiss Mr. Alvarado's Second Amended Complaint. *See* ECF Nos. 29 ("SAC"), 33 ("Mot."), 39 ("Opp."), 40 ("Reply"). The Court heard argument on October 22, 2026. *See* ECF No. 43. For the following reasons, the motion to dismiss is GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

Mr. Alvarado was a meat cutter at Costco. SAC ¶ 7. He has suffered from chronic migraines since childhood. SAC ¶¶ 10–14. From 2011 through 2024, Mr. Alvarado "regularly requested and used medical leave" from work "because of his migraines." SAC ¶¶ 15–19. At least some of these requests were supported with medical documentation. *See, e.g.*, SAC ¶¶ 17.

In 2024, Costco relayed to Mr. Alvarado that it received clarification from his healthcare provider that Mr. Alvarado "might need to be intermittently absent from a one-year period" starting in February 2024. SAC ¶ 21. Costco told Mr. Alvarado that he was not eligible for federal- and/or state-law leave because Mr. Alvarado had not worked 1,250 hours during the prior twelve months, and that it would "excuse [] two full days or four partial days of absence per calendar month . . . unless other leave became available" or if Mr. Alvarado "took a separate Costco Personal Medical

Leave." SAC ¶ 22.

Costco "imposed and enforced" these monthly limits. SAC ¶ 27. Mr. Alvarado alleges that Costco "managers failed to approve or meaningfully address" the need for "additional accommodation, told [Mr. Alvarado] he could not miss more work, and treated his continuing medical need as an attendance and operational problem." SAC ¶ 29. Mr. Alvarado was also informed that "upper management had instructed or pressured" his manager to "keep an eye on" Mr. Alvarado and to "find reasons to terminate him." SAC ¶ 35.

In June 2024, Mr. Alvarado was investigated for two "workplace interactions." SAC ¶ 40. In the first instance, Mr. Alvarado "made a joking gesture or comment concerning size." SAC ¶ 40. In the second instance, Mr. Alvarado "patted or slapped" a co-worker "near the lower back or buttocks as a nonsexual 'good job gesture.'" SAC ¶ 41. Mr. Alvarado alleges that the second co-worker initially did not wish to pursue a formal complaint but was pressured into doing so by management. SAC ¶ 42. Mr. Alvarado also identifies factual inconsistencies in the investigation materials. *See* SAC ¶ 44.

On June 18, 2024, Mr. Alvarado was fired. Not long after, the manager of the Meat Department told Mr. Alvarado's co-worker "words to the effect of, 'We finally got him for missing all those hours.'" SAC ¶ 47.

In March 2026, Mr. Alvarado sued Costco in state court. ECF No. 1-1 ("Compl."). His claims arose out of his alleged wrongful termination; the complaint asserted (1) disability discrimination under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900–12906; (2) failure to accommodate under FEHA; (3) failure to engage in good faith interactive process under FEHA; (4) retaliation in violation of FEHA; (5) retaliation under the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2; and (6) retaliation under Labor Code § 1102.5. *See* Compl. ¶¶ 20–25.

Costco removed the case to this Court and moved to dismiss. ECF Nos. 1, 11. In response, Mr. Alvarado amended his complaint by right. *See* ECF Nos. 20, 21; Fed. R. Civ. P. 15(a)(1). Costco again moved to dismiss. ECF No. 22. The Court granted the motion with leave to amend. ECF No. 28. The Court held that the amended complaint failed to plead sufficient facts to sustain any of the

six claims; it merely recited claim elements and was thus legally infirm. *See* ECF No. 28 at 3–7.

Mr. Alvarado then filed the SAC. *See* ECF Nos. 29. The SAC alleges the same six claims as the previous iterations. *See* SAC ¶¶ 59–102. Costco moves to dismiss under Rule 12(b)(6).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A complaint should be dismissed under Rule 12(b)(6) if it "fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). In evaluating a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id.* To pass muster, a complaint need not contain "detailed factual allegations" but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### A. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendment; (4) undue prejudice to the opposing party; or (5) futility of amendment *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III. DISCUSSION

### A. Count I: Disability Discrimination (FEHA)

Count I is a disability discrimination claim under FEHA. *See* Gov't Code § 12940(a). To state a claim, Mr. Alvarado must show: "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, and (4) some other circumstance suggests discriminatory

motive." *Ellis v. Parker Hannifin Corp.*, 2024 WL 5411389, at *4 (C.D. Cal. Nov. 1, 2024) (citing *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 355 (2000)).

Costco moves to dismiss Count I because the SAC (1) fails to allege that Mr. Alvarado has a qualifying disability under FEHA; and (2) fails to allege sufficient facts to show evidence of discrimination. Mot. at 4–8. Mr. Alvarado counters that the SAC (1) alleges how his chronic migraines "caused debilitating symptoms making major life activities [(i.e., work)] difficult"; and (2) "alleges a sequence of facts," including "years of leave," escalating workplace hostility, and pretextual investigations that collectively give rise to a reasonable inference that Mr. Alvarado was fired for his disability. *See* Opp. at 11–12.

The Court finds that the SAC adequately pleads disability discrimination.

***First***, the SAC adequately pleads disability. The SAC casts chronic migraines as a neurological condition, which qualifies as a disability for FEHA purposes. *See* Cal. Gov't Code § 12926(j)(1); SAC ¶ 11–12 (documenting Mr. Alvarado's symptoms and the frequency of his migraines). The SAC also details why Mr. Alvarado's migraines make doing his job—which qualifies as a "major life activity" under FEHA—difficult. *See* SAC ¶ 12; *Burtt v. Sunnova Energy Corp.*, 2022 WL 3574297, at *2 (C.D. Cal. June 22, 2022) ("Working is considered a major life activity under FEHA.").

The SAC presents a richer factual posture than those considered by Costco's authorities. *Compare Burtt*, 2022 WL 3574297, at *2 ("Plaintiff simply asserts that he has a disability and that his disability 'affected his work.'") *and Canale v. AutoZone, Inc.*, 2025 WL 104778, at *3 (E.D. Cal. Jan. 15, 2025) ("The Complaint alleges in a conclusory manner that Plaintiff is disabled.") *with* SAC ¶ 12 ("These symptoms substantially limited his ability to work, stand for prolonged periods, concentrate, think, sleep, drive, and safely handle saws, knives, and other sharp equipment in a cold and brightly lit meat-department environment."). Therefore, the Court is satisfied that the amendments cure the Court's concerns about the previous iteration of the complaint. *See* ECF No. 28 at 3–7.

***Second***, the SAC adequately pleads discrimination. The SAC chronicles in detail a timeline of events that collectively give rise to the reasonable inference that Mr. Alvarado was fired because

of his disability and that decisionmakers harbored discriminatory motive. For example, the SAC alleges that Mr. Alvarado was informed that higher-ups were looking for reasons to fire him and that, after he was fired, a former co-worker heard that the department manager stated that Costco "finally got" Mr. Alvarado for missing hours. SAC ¶¶ 35, 17. Costco raises serious factual disputes (e.g., whether Costco's workplace investigations were the animating reason behind Mr. Alvarado's termination), but at this stage the Court must assume all facts in the SAC as true and make all reasonable inferences in favor of Mr. Alvarado. In this posture, the Court is satisfied that Mr. Alvarado has met his burden of pleading discrimination and discriminatory motive.

For the foregoing reasons, the Court finds that the SAC adequately pleads disability discrimination. The motion to dismiss Count I is DENIED.

### B. Count II: Failure to Accommodate (FEHA)

Count II is an accommodation claim under FEHA. *See* Gov't Code § 12940(m). To state a claim, Mr. Alvarado must show "(1) a FEHA recognized disability; (2) an ability to perform the essential functions of the job; and (3) the employer's failure to provide a reasonable accommodation for the disability." *Kelly v. Walmart Stores, Inc.*, 291 F. Supp. 3d 1145, 1151 (S.D. Cal. 2017).

Costco moves to dismiss Count II because (1) the SAC fails to identify the specific accommodation requested or denied; (2) the SAC establishes that Costco offered Personal Medical Leave and invited discussion of reassignments or other accommodations; and (3) for thirteen years, Mr. Alvarado was granted leave every time he requested it. Mot. at 8–9. Mr. Alvarado counters that (1) the SAC identifies the requested accommodation: "intermittent leave during disabling migraine flare-ups, early departures, schedule flexibility, time away from work when safe performance was not possible, and make-up scheduling when feasible," Opp. at 13; and (2) that a history of accommodation does not preclude a later failure to accommodate, Opp. at 14 (citing *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137–39 (9th Cir. 2001)).

The Court finds that the SAC adequately pleads failure to accommodate.

***First***, the Court is satisfied that the SAC cures the prior complaint's defect by alleging the accommodation requested: leave of greater frequency than that offered by Costco. *See* SAC ¶¶ 9 ("During migraine flare-ups, [work] conditions made intermittent leave, early departure, or schedule

flexibility medically necessary."), 29 ("Costco imposed and enforced limits under which [Mr. Alvarado] could miss only approximately two full days or four partial days each month . . . ."), 30 ("When [Mr. Alvarado]'s needs exceeded those limits, Costco did not engage in a . . . good-faith [] process to determine whether . . . effective accommodation remained available."), 31 (detailing "[Mr. Alvarado]'s ongoing need for reasonable accommodation" that "required more flexibility than Costco's monthly limits allowed[]").

To the extent that Costco argues that the SAC never alleges that Mr. Alvarado ***affirmatively*** made a request for additional accommodations, that argument is unconvincing: the SAC alleges that Costco knew that Mr. Alvarado's had been medically certified as needing more leave than Costco had permitted. *See* SAC ¶ 23, 21 ("[Mr. Alvarado]'s provider clarified that Mr. Alvarado might need to be intermittently absent for a one-year period . . . ."). Moreover, the SAC plainly alleges that Mr. Alvarado at times "need[ed] intermittent absences more often than those limits allowed." SAC ¶ 29. Drawing all reasonable inferences in Mr. Alvarado's favor, the SAC's allegations give rise to the reasonable inference that Mr. Alvarado requested an accommodation when he sought leave in excess of Costco's monthly limits.

***Second***, although the SAC pleads that Costco offered Personal Medical Leave and invited further discussion, whether those efforts satisfied Costco's duty to accommodate is a factual issue that is not ripe for resolution here. *See* SAC ¶¶ 21–24. Indeed, under California law, an employer cannot force their employee to take leave if other reasonable accommodations are available. *See* 2 Cal. Code Regs. § 11068(c) ("When an employee can work with a reasonable accommodation other than a leave of absence, an employer may not require that the employee take a leave of absence."). The reasonableness of Costco's purported alternative accommodations are best resolved on a richer factual record.

***Third***, Costco's thirteen years of accommodating Mr. Alvarado does not establish that Costco's conduct ***following*** the thirteen-year period was necessarily compliant. *Contra* Mot. at 9. After all, the duty to accommodate may be a continuing one, as Costco acknowledges. *See* Reply at 6 ("[A]n employer's accommodation duty may be continuing when an existing accommodation is ineffective and another reasonable accommodation is available."); *see also Humphrey v. Mem'l*

*Hosps. Ass'n*, 239 F.3d 1128, 1137–39 (9th Cir. 2001).

For the foregoing reasons, the Court finds that the SAC adequately pleads failure to accommodate. The motion to dismiss Count II is DENIED.

**C. Count III: Failure to Engage in Good Faith Interactive Process (FEHA)**

Count III is a failure to engage in process claim under FEHA. *See* Gov't Code § 12940(n). Section 12940(n) requires a "timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Gov't Code § 12940(n).

Costco moves to dismiss Count III (1) for the same reasons it moves to dismiss Count II; and (2) because the SAC provides that Costco "went above and beyond to engage in the interactive process and accommodate [Mr. Alvarado] in excess" of what was required under federal and state law. *See* Mot. at 9–10. These arguments fail here as they did against Count II. *See supra* III.B. It bears further emphasis that whether Costco's efforts constituted a good faith interactive process presents a factual question that is not properly resolved at this time. *Compare Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 263, 68 (2000) (declining to grant summary judgment on accommodation claim where "it [was] evident that a factual dispute exists as to whether [the employee] was offered a reasonable accommodation . . . or whether the informal process broke down, and, if so, which party was responsible.").

For the foregoing reasons, the Court finds that the SAC adequately pleads failure to engage in a good faith interactive process. The motion to dismiss Count III is DENIED.

**D. Count IV: Retaliation (FEHA)**

Count IV is a retaliation claim under FEHA. *See* Gov't Code §§ 12940(h), (m)(2). Employers subject to FEHA may not "retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." Gov't Code §§ 12940(m)(2). To state a claim, Mr. Alvarado must show: (1) a "protected activity"; (2) an "adverse employment action"; and (3) "a causal link between the protected activity and the employer's action." *Cenis v. WinCo Holdings, Inc.*, 2018 WL 2412324, at *7 (E.D. Cal. May 29,

2018), *aff'd*, 787 F. App'x 947 (9th Cir. 2019).

Costco moves to dismiss Count IV because (1) "[t]he SAC's causation theory rests on" the statement of someone who had no decisionmaking authority over Mr. Alvarado's termination; (2) the decisionmakers identified in the SAC are not alleged to have "harbored retaliatory animus"; and (3) the SAC establishes a "legitimate, non-retaliatory basis for termination": the behavior at issue in the two workplace investigations. *See* Mot. at 10–12. Mr. Alvarado counters that (1) Costco's isolated treatment of the SAC's allegations fails to consider the SAC as a whole; and that (2) the SAC cures the Court's concerns that the previous iteration "did not identify the decisionmaker, whether that person knew of the protected activity, or facts supporting retaliatory animus." Opp. at 16–17.

The Court previously dismissed the FEHA retaliation claim because: "the [First Amended Complaint] fail[ed] to identify who made the decision to terminate his employment, whether that person knew of Mr. Alvarado's unspecified requests for accommodation, and why that person purportedly had any retaliatory animus towards him, such that there could even plausibly be a causal connection establishing retaliation." ECF No. 157 at 7. The SAC cures those concerns. It identifies the decisionmakers involved in Mr. Alvarado's termination, SAC ¶ 48, whether those decisionmakers knew of Mr. Alvarado's accommodation requests, SAC ¶ 49, why those decisionmakers harbored retaliatory animus, *see* SAC ¶ 49, and a plausible causal connection between the accommodation requests and termination, *see supra* III.A. Moreover, adopting Costco's "alternative basis for [Mr. Alvarado's] termination" at the motion to dismiss stage would be premature and would improperly make inferences against Mr. Alvarado.

Costco's authorities on retaliatory intent are unavailing. Both cases cited are summary judgment decisions. *See* Mot. at 12–13 (citing *Morgan v. Regents of University of California*, 88 Cal. App. 4th 52 (2000); *Reeves v. Safeway Stores, Inc.*, 121 Cal. App. 4th 95, 107 (2004)). The courts in *Morgan* and *Reeves* were not obligated to take the nonmovant's factual assertions as true, much less make all reasonable inferences in the nonmovant's favor. Indeed, if anything, *Reeves* acknowledges that a "plaintiff can establish the element of causation by showing that *any* of the persons involved in bringing about the adverse action held the requisite animus, provided that such

person's animus operated as a 'but-for' cause . . . ." 121 Cal. App. 4th at 108 (original emphasis). The SAC pleads sufficient facts to show that at least one decisionmaker—the manager who initiated the termination—harbored discriminatory animus. *See supra* III.A.

For the foregoing reasons, the Court finds that the SAC adequately pleads FEHA retaliation. The motion to dismiss Count IV is DENIED.

### E. Count V: Retaliation (CFRA)

Count V is a retaliation claim under CFRA. To state a claim, Mr. Alvarado must show: (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised his right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of her exercise of his right to CFRA leave. *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001).

Costco moves to dismiss Count V for the same reasons it sought to dismiss Count IV. *See* Mot. at 10. Costco also challenges whether Mr. Alvarado was eligible to take CFRA leave. Specifically, Costco argues that "the SAC does not plausibly allege CFRA eligibility, offering only the speculative assertion that [Mr. Alvarado] 'was eligible for CFRA leave during one or more relevant periods and/or became eligible when sufficient protected leave became available.'" Mot. at 10 (citing SAC ¶ 22). Mr. Alvarado counters that (1) the SAC does not plead that Mr. Alvarado was ***never*** CFRA eligible; (2) some of Mr. Alvarado requests for leave were CFRA eligible; and (3) should the Court disagree, it should dismiss with leave to amend. Opp. at 17–20.

The Court agrees with Costco that the SAC, as pled, does not allege sufficient facts to show that Mr. Alvarado was CFRA eligible. The only allegation to that effect is little more than a recitation of the claim element of CFRA eligibility. *See* SAC ¶ 89 ("Plaintiff is informed and believes he was eligible for CFRA leave during one or more relevant periods and/or became eligible when sufficient protected leave became available.").

The Court, however, finds that leave to amend is appropriate because Mr. Alvarado has demonstrated that amendment would not be futile. *See* Opp. at 19 (referencing evidence that "for a continuous medical leave from approximately March 13 through March 19, 2023, Costco issued a

written eligibility notice stating that Plaintiff was eligible for . . . CFRA”).

For the foregoing reasons, the Court finds that the SAC fails to adequately plead retaliation under the CFRA. The motion to dismiss Count V is GRANTED WITH LEAVE TO AMEND.

**F. Count VI: Retaliation (Labor Code)**

Section 1102.5 of the Labor Code provides that an employer may not retaliate against an employee who discloses information he reasonably believes reveals “a violation of state or federal statute [or regulation]” to a “person with authority over the employee . . . who has the ability to investigate, discover, or correct the violation.” Labor Code § 1102.5(b).

Costco moves to dismiss Count VI because (1) “requests for accommodation and generalized warnings that discipline would be ‘improper and unlawful’” does not constitute reporting a ***violation of law***; and (2) even if it did, the SAC lacks specificity regarding the content, context, and timing of Mr. Alvarado’s alleged reports. *See* Mot. at 12–13. Mr. Alvarado counters that (1) the SAC alleges that Mr. Alvarado “repeatedly told managers that . . . using [his] protected needs to discipline or terminate him would be unlawful”; and (2) the SAC identifies the recipients, timing, and content of Mr. Alvarado’s reports. Opp. at 20–22.

The Court finds that Count VI does not state a plausible legal claim. Mr. Alvarado’s theory seeks to transform a whistleblower statute into a statute for general employment grievances. Tellingly, Mr. Alvarado has presented the Court with no caselaw showing that requests for accommodation are “protected activity” under the Labor Code. To the contrary, courts in this circuit have held that “requests for accommodation are not disclosures of information that an employee reasonably believes to be violations of the law, and are thus not protected under § 1102[.5].” *Santos v. Costco Wholesale Corp.*, 2026 WL 3070397, at *8 (C.D. Cal. Oct. 9, 2026). Pleading that the request for accommodation was accompanied by a statement that “using [Mr. Alvarado’s] protected needs to discipline or terminate him would be unlawful”—as Mr. Alvarado himself puts it, *see* Opp. at 21 (citing SAC ¶¶ 34–37)—does not transform Mr. Alvarado’s FEHA claims into a whistleblower claim too.

For the foregoing reasons, the Court finds that the SAC fails to adequately plead retaliation under the CFRA. The Court also finds that amendment would be futile: Count VI presents a legal

theory with no legs. The motion to dismiss Count V is thus GRANTED WITH PREJUDICE.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion to dismiss Count I is DENIED.

(2) The motion to dismiss Count II is DENIED.

(3) The motion to dismiss Count III is DENIED.

(4) The motion to dismiss Count IV is DENIED.

(5) The motion to dismiss Count V is GRANTED WITH LEAVE TO AMEND.

a. Mr. Alvarado may file an amended complaint for the narrow purpose of amending Claim V within **21 days** from the date of this order.

b. Should Mr. Alvarado file an amended complaint, Costco may file a motion to dismiss Claim V within **14 days** from the date of the amended complaint. The motion and opposition SHALL not exceed **five pages**, and the reply SHALL not exceed **three pages**.

(6) The motion to dismiss Count VI is GRANTED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: October 27, 2026

BETH LABSON FREEMAN
United States District Judge